UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Campbell and Sarah Louisell, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>City of Rochester and Rochester Economic Development Authority,<br><br>Defendants. | Case No. 19-cv-1846 (WMW/HB)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

On May 14, 2020, the Court heard Plaintiffs' motion for preliminary approval of a class action settlement of the above-captioned matter between Plaintiffs James Campbell and Sarah Luoisell and Defendants City of Rochester and the Rochester Economic Development Authority. (Dkt. 23.) Plaintiffs move, pursuant to Federal Rule of Civil Procedure 23, for preliminary approval of the terms and conditions of the parties' proposed settlement (Settlement Agreement) as reflected in the parties' Settlement Conference Term Sheet, which is intended to fully resolve this class action litigation.

The Court has reviewed and considered all papers filed in connection with Plaintiffs' unopposed motion, including the Settlement Conference Term Sheet and all exhibits referenced therein. For the reasons addressed below, the Court is satisfied that the terms and conditions set forth herein are the result of good faith, arm's length settlement negotiations between competent and experienced counsel, and that the

requirements for granting preliminary approval of the settlement are otherwise satisfied. Accordingly, the Court grants Plaintiffs' unopposed motion.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

### I.     Preliminary Approval of the Settlement Agreement

A.     Plaintiffs' unopposed motion for preliminary approval of class action settlement, (Dkt. 23), is **GRANTED**, and the terms of the Settlement Agreement as reflected in the Settlement Conference Term Sheet and additional exhibits are preliminarily approved, subject to further consideration at the Final Approval Hearing as provided for herein.

B.     The Court has conducted a preliminary evaluation of the parties' proposed class action settlement, as reflected in the Settlement Conference Term Sheet, for fairness, adequacy, and reasonableness. *See* Fed. R. Civ. P. 23(e)(2). Based on this preliminary evaluation, the Court finds that the settlement is fair, reasonable, adequate and in the best interests of the class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the settlement satisfies Rule 23(c) and (e), Fed. R. Civ. P., and due process, such that notice of the settlement should be given.

### II.    Conditional Certification of the Settlement Class

A.     The Court conditionally finds that Plaintiffs Campbell and Louisell are members of the class and that, for the purposes of the settlement, they satisfy the requirement of typicality, they adequately represent the interests of the class, and they should be appointed as representatives of the class. *See* Fed. R. Civ. P. 23(a).

B.   The Court conditionally determines that the class meets all applicable requirements of Federal Rule of Civil Procedure 23, and the Court conditionally certifies, for settlement purposes only, the following settlement class (Settlement Class) under Rule 23(b)(3), Fed. R. Civ. P., defined as:

> Persons who rented an apartment at any of the following addresses in Rochester, Minnesota (now known as "Residence at Discovery Square") during the periods indicated below

| Address | Period Covered |
| --- | --- |
| 507 3rd Ave. SW | October 1, 2016, to July 7, 2017 |
| 509 3rd Ave. SW | October 1, 2016, to July 7, 2017 |
| 519 3rd Ave. SW | October 1, 2016, to July 7, 2017 |
| 506 4th Aves. SW | October 1, 2016, to July 7, 2017 |
| 514 4th Ave. SW | October 1, 2016, to July 7, 2017 |
| 304 5th St. SW | October 1, 2016, to July 7, 2017 |
| 315 6th St. SW | January 1, 2017 to July 7, 2017 |

C.   The Court finds that the factors necessary for preliminary certification of a class action under Rule 23(b)(3) are present. Common questions of law and fact relating to whether Defendants violated the rights of the class by displacing them from their homes without relocation assistance predominate over any issues affecting individual class members. Also, in this case, a class action is a far superior means of adjudicating this controversy.

**III.   Appointment of Class Counsel**

A.   The Court hereby appoints the Housing Justice Center, Schnitker Law Office P.A., and Morphew Law Office P.L.L.C., as Class Counsel for the Settlement Class.

B.   In appointing Class Counsel for the Settlement Class, the Court has considered the work that Plaintiffs' counsel have performed in representing Plaintiffs, counsel's experience in handling class actions and prosecuting the types of claims asserted in this action, counsel's knowledge of the applicable law, and the resources counsel has committed to representing the class.  The Court finds that such counsel will fairly and adequately represent the interests of the class and meet the standards of Rule 23(g), Fed. R. Civ. P.

**IV.   Final Approval Hearing and Related Deadlines**

A.   The Court hereby sets a Final Approval Hearing to (1) make a final decision as to whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and should be finally certified for settlement purposes only; (2) review objections, if any, to the Settlement Agreement and the terms set forth therein; (3) acknowledge any class members who have indicated a desire to opt out of the settlement; (4) consider the fairness, reasonableness and adequacy of the settlement; (5) consider class counsel's application for an award for reimbursement of reasonable litigation expenses and attorney fees; (6) consider class counsel's application for payment of incentive awards to the class representatives; and (7) consider whether the Court shall issue a final order and judgment approving the settlement and dismissing the action with prejudice.

B.   The Final Approval Hearing is scheduled for 1:00 p.m. on Wednesday, August 19, 2020 (Final Approval Hearing Date) at the United States District Court for the

District of Minnesota, United States Courthouse, 774 Federal Building, 316 North Robert Street, Saint Paul, Minnesota 55101.

    C.    The Court sets the following additional deadlines:

        1.    Class Notice shall be provided to the Settlement Class, in the form of the various steps to be taken in the Notice Program, beginning no later than seven calendar days after entry of this Order (the Notice date).

        2.    Objections to the Settlement Agreement shall be filed in writing with the Clerk of Court and a copy mailed or electronically submitted to counsel for the parties at the physical or electronic address provided in the Notice, and postmarked by the objection deadline date in the Class Notice, which shall be no less than 45 calendar days after the Notice date.

        3.    Statements by class members of intent to opt out of the Settlement Class shall be filed in writing with the Clerk of Court and a copy mailed or electronically submitted to counsel for the parties at the physical or electronic address provided in the Notice, and postmarked by the opt-out deadline date in the Class Notice, which shall be no less than 45 calendar days after the Notice date.

        4.    All claim forms shall be mailed or electronically submitted to the Notice Provider at the physical or electronic address provided in the Notice and postmarked no later than the Claim Application Deadline

       date in the Class Notice, which shall be no less than 45 calendar days after the Notice date.

5. All briefing and/or other papers to be submitted in support of final approval of the Settlement Agreement, or in opposition to any objection to the Settlement Agreement, shall be filed within 14 calendar days after the Claim Application Deadline.

6. All briefing and/or other papers to be submitted in support of the application for an award of litigation expenses and attorney fees, or for an award of incentive payments for class representatives, shall be filed within 14 calendar days after the Claim Application Deadline.

7. All briefing and/or other papers to be submitted in support of any objections to the settlement or any terms thereof, including attorney fee awards or incentive payments, shall be filed within 21 calendar days after the Claim Application Deadline.

8. All briefing responding to any objections to the settlement or any terms thereof, including attorney fee awards or incentive payments, shall be filed at least 7 calendar days before the Final Approval Hearing.

9. The Final Approval Hearing Date shall be subject to adjournment by the Court without further notice to class members, other than that which may be posted by the Court.

**V.      Notice to Settlement Class**

A.      The Court finds that the Notice program proposed by Plaintiffs' counsel and Three Rivers Community Action (1) meets the requirements of Rule 23(c)(2), Fed. R. Civ. P., and due process; (2) directs notice in a reasonable manner to all class members who would be bound by the proposal; (3) appears to be the best practicable notice under the circumstances; (4) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the action and or their right to object to the Settlement Agreement, and/or to opt out of the Settlement Agreement; and (5) is reasonable and constitutes due, adequate, and sufficient notice to all those entitled to receive notice of the Settlement Agreement.

B.      The proposed Notice to the Settlement Class submitted by Plaintiffs' counsel contains all of the information required by Rule 23(c)(2)(B), Fed. R. Civ. P., and appears to be stated in plain, easily understood language.

C.      The Court hereby approves the Notice Program, Class Notice, and Claim Form as set forth in the exhibits to the settlement.  Class counsel shall cause the Class Notice and Claim Form to be disseminated in the manner as set forth in the Notice Program on or before the Notice Date.  Prior to the Final Approval Hearing, the parties, through their counsel, shall file with the Court a sworn statement attesting to compliance with the Notice Program.

D.      The Court appoints Three Rivers Community Action agency as the Claims Administrator in this action.

**VI.     Objection to Settlement**

A.     Any member of the Settlement Class may, but need not, submit comments or objections to the settlement relating to the fairness, reasonableness, or adequacy of any aspect of the Settlement Agreement.  To do so, any class member must comply with the terms of making objections as set forth in the Settlement Agreement and the Notice and must submit to Class Counsel, postmarked on or before the Objection deadline, a statement of his or her objection, including any legal support or evidence the objector wishes to draw to the Court's attention, and indicate whether the objector and/or the objector's counsel wishes to make an appearance at the Final Approval Hearing.

B.     Any Settlement Class member making an objection must personally sign the objection, and include the following information in the objection: (1) the objector's name, address, and phone number; (2) if represented by counsel, the objector's counsel's name, address, and phone number; (3) certification that the objector is a member of the Settlement Class; (4) a description of all of the objector's objections to the settlement and the reasons for those objections; (5) whether the objections apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (6) a statement as to whether the objector intends to attend and/or seek to speak at the Final Approval Hearing.

**VII.    Opportunity to Opt Out of Settlement**

A.     Any Settlement Class member can opt out of the class settlement by providing written notice of the member's intent to opt out by the opt-out deadline set in the Class Notice.  A member seeking to opt out must provide a written statement to the

Clerk of Court with copies to all counsel for the parties by the opt-out deadline.  The opt-out notice shall state the Settlement Class member's name, address, and phone number; if represented by counsel, the Settlement Class member's counsel's name, address, and phone number; a statement of intent to opt out; and the Settlement Class member's signature and date.

**VIII.     If Settlement Approval is Denied**

In the event the Court does not approve the settlement following the Final Approval Hearing, all parties shall be restored to their respective positions prior to the execution of the Settlement Conference Term Sheet and this action may resume.

Dated:  May 22, 2020                                                     s/Wilhelmina M. Wright
                                                                                        Wilhelmina M. Wright
                                                                                        United States District Judge