UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Campbell and Sarah Louisell, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>City of Rochester and Rochester Economic Development Authority,<br><br>Defendants. | Case No. 19-cv-1846 (WMW/HB)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |

This matter is before the Court on Plaintiffs' unopposed motion for final approval of class settlement. (Dkt. 40.) On May 22, 2020, the Court granted Plaintiffs' unopposed motion for preliminary approval of the proposed settlement between Plaintiffs James Campbell and Sarah Louisell and Defendants City of Rochester and the Rochester Economic Development Authority (Settlement Agreement). On August 19, 2020, the Court held a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. The Court has considered all the submissions and arguments of the parties. For the reasons addressed below, pursuant to Federal Rule of Civil Procedure 23, and in accordance with the terms of the Settlement Agreement, the Court finds good cause to grant Plaintiffs' motion and enter final judgment in this case.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' unopposed motion for final approval of class settlement, (Dkt. 40), is **GRANTED**, and the terms of the Settlement Agreement are approved. The Settlement is in all respects fair, reasonable, and adequate, and in the best interests of the Class. In reaching this conclusion, the Court finds that the Settlement Agreement satisfies all requirements of Federal Rule of Civil Procedure 23(c) and (e).

2. The Court finds that Plaintiffs Campbell and Louisell are members of the Class and that, for purposes of the settlement, Plaintiffs adequately represent the interests of the Class and should be appointed as representatives of the Class.

3. The Court concludes that the proposed class meets all applicable requirements of Rule 23, Fed. R. Civ. P., and the Court hereby certifies the following Class:

> All residents who rented an apartment at any of the following addresses in Rochester, Minnesota (now known as "Residence at Discovery Square"), during the periods indicated below:
>
> | Address | Period Covered |
> |---|---|
> | 507 3rd Ave. SW | October 1, 2016, to July 7, 2017 |
> | 509 3rd Ave. SW | October 1, 2016, to July 7, 2017 |
> | 519 3rd Ave. SW | October 1, 2016, to July 7, 2017 |
> | 506 4th Ave. SW | October 1, 2016, to July 7, 2017 |
> | 514 4th Ave. SW | October 1, 2016, to July 7, 2017 |
> | 304 5th St. SW | October 1, 2016, to July 7, 2017 |
> | 315 6th St. SW | January 1, 2017 to July 7, 2017 |

4. The Court finds the factors necessary for certification of the Class under Rule 23(b)(3), Fed. R. Civ. P., are present. Common questions of law and fact relating to whether Defendants violated the rights of the class by displacing them from their homes without relocation assistance predominate over any issues affecting individual class

2

members. Also, in this case, a class action is a far superior means of adjudicating this controversy.

5. The Court has received a detailed report on the efforts of Class Administrator Three Rivers Community Action Agency along with Plaintiffs' counsel to use a variety of means of disseminating class notice to as many of the class members as is reasonably possible. These efforts are found to be fully consistent with both the notice plan proposed to the Court in Plaintiffs' motion for preliminary approval and the requirements of Rule 23, Fed. R. Civ. P., and due process.

6. The Court's preliminary approval order, (Dkt. 34), set a time period of 45 days for class members to file claims. Near the end of this claim filing period, Plaintiffs' counsel and the Claims Administrator determined that they had not reached as many class members as was desirable and that further actions, specifically skip tracing of class members and personal contact of those with a Rochester address by a process server, likely would increase the rate of claims filed. These additional actions did in fact result in contact with a significant number of additional class members, as well as the submission of additional claims. Plaintiffs' counsel requests that additional claims received or promised to be delivered after the original 45-day claim filing period through July 24, 2020, be allowed, and the Court finds that under these circumstances such claims should be included.

7. The claim form specifically advised class members of the opportunity to object to the Settlement Agreement, or to opt out of the Settlement Agreement. No class

member has notified the Court of a desire either to object to the Settlement Agreement or of their intent to opt out of the Settlement Agreement.

8. Plaintiffs' counsel provided the Court with a plan that determines the proposed payment for each class member who has filed a claim, determined according to a formula set out in the Settlement Agreement and which has previously been preliminarily approved by the Court. The Court finds this plan for payments to class members is consistent with the Settlement Agreement and in the best interests of the Class.

9. Defendants are ordered to pay Plaintiffs $200,000 pursuant to the Settlement Agreement, to be paid within seven days of the filing of this Order. The $200,000 is to be allocated as follows, consistent with the Settlement Agreement:

a. $50,000 in attorneys' fees and costs to be divided among the three Plaintiff law firms previously appointed as class counsel by the Court. The Court specifically finds that under all the circumstances a fee award of 25 percent of the total settlement is reasonable and is hereby approved.

b. The Court finds that Claims Administrator Three Rivers Community Action incurred expenses of $2,640 in carrying out these duties through July 24, 2020, and expects to incur an additional $440 through the completion of its duties. In addition, the Housing Justice Center incurred expenses of $1,575 for skip tracing and the process server. The Court finds that those expenses are reasonable and hereby orders that

4

        Three Rivers Community Action and Housing Justice Center be compensated for these expenses out of settlement proceeds. Because costs incurred by Three Rivers Community Action subsequent to the filing of Plaintiffs' memorandum were somewhat uncertain, the calculation of class payments includes a $345 contingency. Any such funds remaining from the $5,000 budgeted for administration also may be paid to Three Rivers Community Action.

   c. Plaintiffs' counsel propose incentive payments of $3,000 each for class representatives Campbell and Louisell. The Court finds that both Campbell and Louisell expended substantial time and effort in responding to discovery and participating in a full day of mediation and that the incentive payment requests are appropriate and consistent with similar cases. The Court hereby orders incentive payments of $3,000 each for Campbell and Louisell to come out of settlement proceeds.

   d. The balance of the $200,000 settlement proceeds are to be used for payment of claims filed by class members, pursuant to the plan for determining individual payments submitted by Plaintiffs' counsel. All payments to class members are to be considered relocation assistance under the Minnesota Uniform Relocation Act, Minn. Stat. §§ 117.50–117.56.

10.    No later than seven days after the Court's entry of judgment and either the expiration of the 30-day appeal period or the resolution of any appeal filed in this case,

Three Rivers Community Action shall proceed to provide payments to class members, by United States mail or through other reasonable means.

11.     The Court finds that, pursuant to the Settlement Agreement, each releasing party shall be deemed to have released and forever discharged each released party from any liability for any and all released claims as defined in the Settlement Agreement.

12.     The Court hereby directs the Clerk of Court to enter judgment of dismissal of the complaint in this action with prejudice and without costs except as specified herein. Without affecting the finality of this Order and the judgment, the Court retains jurisdiction over the parties to the Settlement Agreement, to construe and enforce the Settlement Agreement for the mutual benefit of the parties.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  October 22, 2020                                  s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge